925 F.2d 1479
 12 ITRD 2456
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FORMER EMPLOYEES OF SOUTHERN TRIANGLE OIL COMPANY,
Plaintiffs-Appellees,
v.
The UNITED STATES, Defendant-Appellant.
 No. 90-1351.
 United States Court of Appeals, Federal Circuit.
 Jan. 22, 1991.
 
 Before MICHEL, LOURIE and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 The United States appeals the order of the United States Court of International Trade, Former Employees of Southern Triangle Oil Co. v. United States Secretary of Labor, 12 I.T.R.D. (BNA) 1516 (Ct.Int'l Trade May 4, 1990), awarding judgment for the plaintiffs and approving a revised determination of the Department of Labor made pursuant to that Court's earlier order, Former Employees of Southern Triangle Oil Co. v. United States Secretary of Labor, 731 F.Supp. 517 (Feb. 14, 1990). The Department's revised determination stated that all workers of Southern Triangle Oil Company separated from employment on or after October 1, 1985 and before November 15, 1987 are eligible to apply for adjustment assistance. Because the factual record is insufficient to support the Court's judgment, we vacate and remand the case to the Court of International Trade, with instructions to remand the case to the Department of Labor to find the legally dispositive facts as identified in this opinion.
 
 OPINION
 
 2
 This case arises under amendments to the trade adjustment assistance program, see 19 U.S.C. Secs. 2271-2321 (1988), that were made by the Omnibus Trade and Competitiveness Act of 1988 (the "Act"), Pub.L. No. 100-418, 102 Stat. 1107 (1988). 19 U.S.C. Sec. 2273(b)(1) contains a statute of limitations, known as the "one-year rule," providing that a certification will not apply to a worker whose last separation occurred more than one year prior to the date of the petition on which certification was granted. Section 1421(a)(1)(B) of the Act provides a special exception to this one-year rule. To qualify for the exception, applicants must show, among other things, that their certification "would not have been made if the amendments made by [Sec. 1421(a)(1)(A) of the Act] had not been enacted into law," Pub.L. No. 100-418, Sec. 1421(a)(1)(B), 102 Stat. at 1243.
 
 
 3
 In this case, the record does not reveal that a finding has been made, by the Department of Labor or by the Court of International Trade, that Mr. Pierson or other workers separated from Southern Triangle on or after October 1, 1985 and prior to November 15, 1987 would not have been certified as eligible for assistance but for the 1988 amendments. Nor can we say that a finding one way or the other is compelled by the record on appeal. The judgment certifying this class of workers thus was not made in conformity with the legal standards of the Act and cannot be sustained.
 
 
 4
 The judgment is vacated and the case remanded to the Court of International Trade. That Court in turn is to remand the case to the Department of Labor for an explicit determination as to whether workers separated from Southern Triangle between October 1, 1985 and November 15, 1987 would have been certified as qualified for assistance under the Department's interpretation and application of the law, including its so-called "25% rule," prior to the amendments made by the 1988 Act.
 
 COSTS
 
 5
 Each party shall bear its own costs.